NEFTALÍ VIDAL GARRASTAZÚ, Plaintiff and appellee, *v.* JUAN A. MONAGAS ET AL., Defendants and Appellants.

No. 9240. Argued June 4, 1946.—Decided November 12, 1946.

---

*José Sabater* and *J. Benítez Gautier* for appellants. *J. Alemañy Sosa* for appellee.

### OPINION OF THE COURT [1]

Some of the defendants appeal from a judgment for plaintiff in an action for the liquidation of Monagas & Vidal, a partnership (*sociedad*). Since the main defense of the defedants-appellants who actively opposed the complaint, is that the issues involved in this action were finally adjudicated on three different occasions, we deem it advisable to make first a choronological summary of the facts established by the evidence, and then proceed to analyze the pleadings in this case in the light of the prior suits.

### I

In 1905, Juan Monagas, José Arturo Monagas, and Ramiro Vidal constituted the partnership Monagas & Vidal for a term which expired on June 30, 1924, and it was agreed that in case of death of any of the partners the partnership would continue between the surviving partners and the heirs of the deceased partner.

The partners contributed to the partnership the Belvedere Estate, which they owned in equal shares, and the estate was recorded as property of the partnership. José Arturo Monagas died in 1915 and Ramiro Vidal in 1921.

Vidal left, in addition to his widow and a five-year old son, a default judgment for $900, rendered against him by the District Court of Mayagüez, in Civil Case No. 6889. The Judgment was in favor of José Mora. Two years after Vidal's death, Ramón Beauchamps bought that judgment and

---

[1] Mr. Justice Córdova wrote the present opinion before his resignation became effective. As the Court was on vacation, it was not possible to approve said opinion before Justice Córdova ceased in his office.

substituted himself as plaintiff. Beauchamps later obtained the substitution of Vidal's widow and child as parties defendant, without notice to them. He then proceeded to execute the judgment, selling at public auction one-third of the Belvedere Estate (which estate, as we have seen, belonged to the partnership Monagas & Vidal and not to the individual members thereof). At the public sale Beauchamps bought in the one-third interest in the estate (which third was then assessed at $14,309.33, defendant Monagas admits was worth $10,000, and plaintiffs claim was worth much more) for $900, the amount of the judgment. On the next day Juan Monagas appeared as purchasing from Beauchamps the undivided interest for $1,602. Monagas then succeeded, we cannot understand how, in recording the one-third interest in the Belvedere Estate in his name, despite the fact that the whole property was already recorded in the name of the partnership Monagas & Vidal.

One year later, in March 1924, Juan Monagas and the heirs of José Arturo Monagas brought an action (Civil No. 10,416) in the District Court of Mayagüez against the heirs of Ramiro Vidal to liquidate the partnership Monagas & Vidal. The complaint set out that the partnership was dissolved "by operation of law" when the judgment for $900 in case No. 6889 was executed; that the heirs of Vidal thus lost, and Juan Monagas acquired, the share which Ramiro Vidal had in the partnership; that Vidal's widow acknowledged all this but, as Vidal's son and heir was a minor, the "intervention of the court" was necessary.

Vidal's widow consented in writing to judgment for plaintiffs. As she now explains (without being contradicted by Monagas), she signed the written consent at the request of Juan Monagas, while confined in a clinic, and relying on his false representations regarding the contents and effect of the document.

The court, upon examination of the complaint and the consent, without hearing any evidence on the merits of the

case or passing upon the necessity or utility of the consent as regards Vidal's minor son, rendered judgment for plaintiffs, declaring the partnership Monagas & Vidal dissolved and liquidated, and awarding two-thirds of the property, that is, the Belvedere Estate, to Juan Monagas, one-third to the heirs of José Arturo Monagas, and nothing to the heirs of Vidal.

Juan Monagas and the heirs of José Arturo Monagas have ever since leased the Belvedere Estate to the firm Tió & Sambolín, for $10,000 per annum plus taxes, from 1926 to 1937, and for $15,000 per annum plus taxes, since 1937.

Shortly after becoming of age, Vidal's son, plaintiff and appellee herein, brought an action in the Distrit Court of Mayagüez (Civil Case No. 783) against Juan Monagas, and the heirs of Monagas's wife, the heirs of José Arturo Monagas, and the heirs of Beauchamps. The complaint set out two causes of action and alleged the following facts; (a) The first cause of action set up the execution of the judgment against Vidal in case No. 6889 which culminated in the acquisition by Monagas of the one-third of the Belvedere Estate which according to the complaint belonged to Vidal; and it further alleged that the execution of the judgment was the result of a conspiracy entered into by Monagas and Beauchamps to defraud the heirs of Vidal, and that it was null and void because the heirs of Vidal had not been notified of the motion or the order substituting them as parties defendant, and because of other irregularities in the proceedings. (b) The second cause of action repeated the facts set out in the first cause of action and added allegations regarding the constitution of the partnership Monagas & Vidal, and the complaint, consent, and judgment in case No. 10,416 declaring the partnership Monagas & Vidal dissolved and liquidated, and alleged that both the execution of the judgment in case No. 6,889 and the judgment in case No. 10,416 were null and void by reason of irregularities in the proceedings, because they were part of a conspiracy entered into by

Monagas and Beauchamps to deprive the heirs of Vidal of the one-third interest in the Belvedere Estate which belonged to them, and because the consent of Vidal's widow to judgment in case No. 10,416 was obtained by Monagas by false and fraudulent representations. Once in the second cause of action it is said that the Belvedere Estate belonged to the partnership Monagas & Vidal but elsewhere it is said, as was said in the first cause of action, that the estate belonged to the three partners in common. The complaint ended by praying for the annulment of the proceedings had in cases Nos. 6,889 and 10,416, and recovery by the heirs of Vidal of one-third of the Belvedere Estate, together with mesne profits since 1921.

Juan Monagas and his wife's heirs demurred to the complaint in case No. 783, and the court sustained the demurrer and entered judgment for defendants, which became final when plaintiff's appeal was dismissed because the notice of appeal had not been served on the heirs of Ramón Beauchamps.[2]

We will briefly set forth the grounds upon which the court sustained the demurrer in case No. 783. The court conceded that, under § 40 of the Code of Civil Procedure, the time during which plaintiff Vidal was a minor should not be included in computing the period of prescription applicable to the action, unless the action were deemed to be for the recovery of real property. But the court held that it was precisely an action to recover a one-third interest in the Belvedere Estate, and hence the period during which the plaintiff was a minors should not be excluded for the purpose of prescription; and that if this period was included, the complaint on its face showed that the action was barred and moreover that the defendants had acquired prescriptive title to the Belvedere Estate.[3] The court further held that the

---

[2] *Vidal* v. *Monagas*, 60 P.R.R. 763.

[3] In order to reach this conclusion the court had to decide that the complaint, which charged Monagas with fraud and bad faith, showed that he had owned the property for over ten years in good faith and under a just title.

complaint was insufficient in so far at it did not offer to restore to Monagas the amount which he appears to have paid to Beachamps for the one-third interest in the Belvedere Estate. And it said that the proceedings had in cases No. 6,889 and 10,416 were not void but voidable, and that they could not be collaterally attacked,[4] a statement which was not pertinent to the decision of the case.

## II

We finally come to the complaint in the case at bar. It simply states the facts regarding the constitution of the partnership Monagas & Vidal, and the death of two of its partners; it recites that the term of the partnership expired on June 30, 1924; that the partnership has not been liquidated; that its assets at the time its term expired consisted of the Belvedere Estate, a sugar mill, houses, cane plantations, live stock, money, and credits, that these assets have remained, since 1924, under the administration of defendant Juan Monagas and of the heirs of José Arturo Monagas, and that the plaintiff, the sole heir of Ramiro Vidal, has received no part of the rents or profits therefrom. The plaintiff prays that the liquidation of the partnership Monagas & Vidal be decreed, that the defendants render an accounting of their administration of the firm property, and that they bring into

---

[4] The court held that the action was one for the recovery of real property and that the 10-years limitation period had elapsed. The rest of its reasoning as to prescription is very difficult to understand. It went on to consider whether or not an action to annul the proceedings had prescribed, which action could not prescribe during plaintiff's minority, as the court had explained, and it seems that it was its intention to hold: (1) that the action was one for nullity, and that the proceedings had were voidable but not void; (2) that as the action was one for the recovery of real property, the action for nullity was barred. That is, after holding that the action was one for the recovery of real property, and for that reason had prescribed, no action other than that for the recovery of real property being barred, the court stated that the complaint set up an action for nullity which had prescribed. Apart from the fact that it is impossible to determine exactly what the lower court decided or sought to decide as to the existence and prescription of the action for nullity, the ruling of the court on this point was unnecessary, and its holding that the proceedings had were voidable and not void was irrelevant.

the common fund any assets of the partnership of which they might have taken possession or the value thereof, and that a partition of the assets be made.

Juan Monagas, the heirs of Doña Rosario de la Rosa y Sierra (decease wife of Juan Monagas), the heirs of José Arturo Monagas, the partnership Monagas & Vidal, and Juana Garrastazu, plaintiff's mother and widow of Ramiro Vidal, were made parties defendant. All the defendants, except Juana Garrastazu widow of Vidal, answered the complaint. Besides denying certain averments of the complaint, the defendants pleaded the proceedings had in cases Nos. 6,889, 10,416, and 783, invoking them as conclusive on the issues now raised by the plaintiff. Some of the defendants relied on other defenses which we shall later discuss.

The evidence established the facts which we have already stated. It showed that in 1924 the only asset of the partnership Monagas & Vidal was the Belvedere Estate. The partnership had liabilities which it is not necessary to mention now. The lower court rendered judgment for plaintiff and decreed the liquidation of the partnership.

Let us now turn to the defense of *res judicata* set up by the defendants-appellants.

### III

The appellants first invoke the judgment rendered in case No. 783, wherein the initial complaint of the plaintiff-appellee was dismissed. They urge that that judgment decided the controversy now raised by the plaintiff.

But in case No. 783 the cause of action was different from the one set up in the case at bar. That case involved an action to recover a one-third interest in the Belvedere Estate which was said to belong to the plaintiff as heir of Vidal. The court then held that the action was purely one of revendication and precisely on that ground dismissed it. We know now that the plaintiff did not then have, nor has he now, any right to recover one-third of the Belvedere

Estate. *Rosaly* v. *Graham,* 16 P.R.R. 156. The Belvedere Estate did not belong to his father, Ramiro Vidal, when the latter died. It belonged to the artificial person, Monagas & Vidal. Upon the death of his father, plaintiff became entitled to one-third of the net proceeds of the liquidation of the partnership Monagas & Vidal. *Rosaly* v. *Graham, supra.* And that is what he now claims. His cause of action is therefore different from the one considered insufficient in case No. 783. Conceding that in case No. 783 it was definitely determined that the plaintiff was not entitled to a one-third interest in the Belvedere Estate, such a determination does not affect his right to one-third of the value of the assets of the partnership Monagas & Vidal, and their fruits. Particularly is this so if we bear in mind that case No. 783 was decided on the ground that plaintiff's action had prescribed, precisely because it was an action to recover real property, the court conceding that it would not have prescribed had it been an action of any other sort.

The conclusion we have reached regarding the difference between the cause of action in case No. 783 and the one in the case at bar is strengthened by an examination of the judgment appealed from. In that judgment no mention is made of the Belvedere Estate, which was the object of the case No. 783. The judgment merely decrees the liquidation of the partnership Monagas & Vidal and provides for the appointment of a commissioner in partition, in case the parties do not reach an agreement. The judgment does not declare or provide anything regarding the Belvedere Estate. Although in the opinion of the lower court it is stated that there is no merit in the defense of the heirs of Rosario de la Rosa that they have acquired prescriptive title to one-third of the Belvedere Estate by prescription, because their possession is not based on a true title, the judgment does not provide anything as to the rights of said heirs in the Belvedere Estate. Indeed, it is premature to decide or provide anything as to rights in the Belvedere Estate. And probably this will be

unnecessary in the end. What has been decreed is the liquidation of the partnership Monagas & Vidal; and it has been decided that the assets of that partnership consisted of the Belvedere Estate, and that there are some debts which must be taken into consideration when the liquidation is made. If, as the evidence shows, the liquidation is to result in the adjudication to plaintiff of a share equal to the value of somewhat less than one-third of the Belvedere Estate, plus one-third of the rents which have been produced by that estate since 1923, and if Juan Monagas without authorization from the partnership has disposed of one-third of the Belvedere Estate, and that one-third is in the hands of third persons, it will be very easy for the plaintiff to compel Monagas to restore what belongs to plaintiff out of the one-third interest in the Belvedere Estate which Monagas has been holding and has succeeded in recording in his name. As to the rents of the estate, if as appears from the complaint and has not been denied, the administration of the estate has been in the hands of Juan Monagas and of the heirs of José Arturo Monagas, and Juan Monagas has disposed of the one-third interest which belongs to the plaintiff, he is bound to restore that portion. If the property belonging to Juan Monagas should be insufficient for that purpose, then it would have to be decided whether his sons and grandchildren are bound to return what they received in excess of their proper shares. This matter has not yet been decided by the lower court. Its judgment is confined to decreeing the liquidation of the partnership Monagas & Vidal. That judgment in no way conflicts with what was decided in case No. 783 in connection with the recovery of the Belvedere Estate. It can not be said, therefore, that case No. 783 has settled the issue raised in this case.

Although, as we have seen, the judgment in case No. 783 is not *res judicata* as to the issue involved in the instant case, it might be argued that the doctrine of collateral estoppel is applicable herein, that is, that since the parties are the

same and the controversy arose from the same transactions from which case No. 783 originated, the decision in case No. 783 is binding on the parties to the present case. The collateral estoppel rule is briefly stated in §§ 68 and 70 of the volume on Judgments, of the Restatement of the Law, American Law Institute, pp. 293 and 318, thus:

"§ 68. QUESTIONS OF FACT.

(1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action, except as stated in §§ 69, 71 and 72.

(2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action."

"§ 70. QUESTIONS OF LAW.

*Where a question of law essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; and in any event it is not conclusive if injustice would result.*"

No question of fact was litigated in case No. 783, and hence § 68 copied above is not applicable. Severel questions of law were determined, but, as we have seen, some were not essential to the judgment, and the others, even if they be considered conclusive between the parties, do not affect the rights claimed by the plaintiff in the present suit. Case No. 783 determined the question of law, that the action for the recovery of the Belvedere Estate had prescribed, and the question of law that the complaint in the action was insufficient in so far as it did not offer to restore to Monagas the sum he paid to Beauchamps for the one-third interest in the Belvedere Estate. These two questions of law are conclusive for the parties in the case at bar, but do not affect the cause of action now relied on by the plaintiff, inasmuch as it is not one of revendication, which was held barred and insufficient in case No. 783. The court in case No. 783 also stated that

the proceedings in cases Nos. 6,889 and 10,416 were not void but voidable, and that they could not be attacked collaterally. But, as we have already seen, that determination by the court in case No. 783 was not relevant to the decision of the case, and for that reason, applying the rule expressed in § 70 of the Restatement of the Law just quoted, that determination is not conclusive between the parties to the present suit.

For the reasons stated we consider that the judgment in case No. 783 is no bar to the action now brought by plaintiff, either on the theory of *res judicata* or on that of collateral estoppel.

## IV

Another judgment invoked by the appellants as decisive of the controversy settled by the judgment appealed from, is that rendered in case 10,416 involving the liquidation of the partnership Monagas & Vidal. Undoubtedly that judgment dealt with the same cause of action now before us, and concerned the same parties. If it was valid, it decided the issue adversely to the plaintiff.

The judgment rendered in case 10,416 was based on the consent of the defendants, the widow and minor child of Ramiro Vidal. That consent involved the waiver by the minor of rights which were worth many thousand dollars. The minor and his mother lacked capacity to make that waiver without autorization from a district court which should determine the necessity and utility of such waiver.[5] *Cruz v. Central Pasto Viejo Inc.*, 44 P.R.R. 354. This was acknowledged by the plaintiffs in case No. 10,416 when they alleged in their complaint that, since Ramiro Vidal's child was a minor, "the intervention of the court" was necessary. The "intervention of the court" was had, but, as appears on the face of

---

[5] Section 153 of the Code of Commerce cited by appellants, did not authorize the mother to consent to the judgment inasmuch as that Section is applicable only to commercial partnerships, and this case involves a civil partnership, as we shall presently see.

the judgment, that intervention was confined to an examination of the complaint, which, incidentally, was clearly insufficient,[6] and of the consent of the defendants. There was no evidence of the necessity or utility of the consent given on behalf of the minor, nor even an expression of the opinion of the court as to the necessity or utility of the consent. Hence, the consent was void, since there was no judicial declaration of, its necessity and utility, and the judgment, which showed on its face the lack of such declaration and of any evidence on this particular, was also void. *Cruz* v. *Central Pasto Viejo, supra; Lókpez* v. *Fernández,* 61 P.R.R. 503.

The bar to plaintiff's action which was thought to be created by the judgment obtained in case No. 10,416, does not therefore exist.

## V

 Lastly, the appellants invoke the proceedings had in case No. 6,889 as destructive of the right claimed by the plaintiff herein. The execution of the judgment in that case was void, in the first place, because Vidal's widow and son were not served with notice of their substitution as parties defendant, and therefore the court did not acquire jurisdiction over them. See *Rosas* v. *Heirs of Bruno,* 41 P.R.R. 143, and also, § 244 of the Code of Civil Procedure. The case of *Santana* v. *Quintana,* 51 P.R.R. 770, cited by appellants is inapossite. There the plaintiff assigned the judgment to a third person and the assignee obtained a writ of execution, without being previously susbtituted as plaintiff. It was held that it was not necessary to substitute the assignee formally in order to issue the writ of execution. The defendants in that case had their day in court before judgment was entered against them, while in the case at bar neither the widow nor the son of Vidal was notified or heard before it was sought to execute the judgment, which was not obtained against them.

---

[6] The insufficiency of the complaint does not affect the validity of the judgment. Although the lower court erred in stating otherwise, since the judgment is void for other reasons, the error is academic.

The appellants suggest that Vidal's widow and son submitted to the jurisdiction of the court by filing, after the execution, a motion to annul the proceedings for want of jurisdiction, which was never decided. This contention is frivolous. There is no doubt that there was a submission to the jurisdiction of the court for the purpose of deciding the motion on lack of jurisdiction, but there was none for the purpose of validating the void acts, which the motion sought to impeach.

But even if the execution in case No. 6,889 were not void, it was academic. What was sold—the interest of the heirs of Vidal in the Belvedere Estate—did not exist. The Belvedere Estate did not belong to Vidal, or his heirs, in whole or in part. It wholly belonged to the partnership Monagas & Vidal. Hence, the execution sale, even if it were not void, could not and did not grant to Monagas, or take from Vidal's heirs, any right. The proceedings had in case No. 6,889 do not therefore constitute any defense to plaintiff's claim.

## VI

■ Another defense unsuccessfully set up in the lower court by the appellants is that of the prescription of plaintiff's action, on the ground of the expiration of the 3-year limitation period fixed by § 943 of the Code of Commerce for actions brought by a partner against a mercantile partnership, and also of the 5-year period provided by that same Section for actions to recover dividends or payments "which are declared by reason of profit or capital" in a mercantile partnership.

It could hardly be maintained that we are dealing here with an action brought by a partner against the partnership, or with an action for the recovery of declared dividends; but even if this were the case, § 943 is not aplicable, since we are dealing here with a civil and not a mercantile partnership.

The oral and documentary evidence shows that the partnership was organized for agricultural purposes and that it engaged solely in farming. The partnership sold the products of its land—cane, coconuts, and firewood. It leased land to share-croppers and took the necessary steps to develop its agricultural enterprise. The fact that the partnership was registered in the commercial registry and that it complied with some of the other requisites provided by the Code of Commerce for mercantile partnerships, is not important, where the purpose to which the partnership is devoted is clearly civil, as in this case. 11 Manresa 277, 278; Scaevola 599 et seq.; 7 Enciclopedia Jurídica Española 363, 364. Compare Colón v. Roig, 7 P.R.R. 37.

Counsel for appellants in case No. 10,416, in which the liquidation of the partnership was sought, did not therefore err when he there asserted that the partnership was civil, nor did the lower court err in holding that the partnership is civil and that, therefore, the provisions of § 943 of the Code of Commerce are not applicable herein.

■ The appellants, nevertheless, insist that if § 943 of the Code of Commerce is not applicable, the 15-year limitation period provided by § 1864 of the Civil Code for personal actions for which no special term of prescription is fixed, should be applied. Assuming that § 1864 is applicable, the term of prescription did not elapse, since the complaint in the case at bar was filed five years after the plaintiff attained his majority, and under § 40 of the Code of Civil Procedure, the time during which the plaintiff was a minor is not counted for the purposes of prescription.

## VII

■ We have already considered all the principal errors assigned by the appellants in their brief. Most of the remaining errors refer to orders of the lower court refusing to strike out certain portions of the complaint, to grant a bill of particulars, to reconsider orders, to strike out unnecessary par-

ties, or to hold that the complaint was ambiguous; while others relate to grounds set forth in the opinion of the lower court which were not necessary for the decision of the case. The appellants have failed to show us how they have been prejudiced by the alleged errors. Moreover, we are convinced that there was no prejudice, and hence we do not deem it necessary to consider those errors. Several additional questions raised by the appellants do merit brief consideration.

Appellants maintain that plaintiff's action in this case should not prosper because in his complaint he failed to mention the proceedings had in cases Nos. 6,889, 10,416, and 783. In support of this contention they cite the case of *Orcasitas* v. *Orcasitas,* 21 P.R.R. 105.

In the *Orcasitas* case, the liquidation of a partnership was sought and in the complaint it was alleged that the partnership had been dissolved, but never liquidated. The defendants offered in evidence a deed of liquidation of the partnership, executed many years before, and perfectly valid and enforceable. This court affirmed the judgment dismissing the complaint, on the ground that the partnership had already been properly liquidated. That case is, therefore, entirely different from the case at bar, where the prior liquidation alleged by the defendants-appellants turned out to be entirely void. But the appellants invoke certain phrases used in the opinion in the *Orcasitas* case—which were wholly unnecessary to the decision of the case—to the effect that if the plaintiff considered the prior litigation void, he was bound to allege the fact of that liquidation in the complaint and then attack its validity. This *dictum* in the *Orcasitas* case is erroneous. Ordinarily it is not up to the plaintiff to allege and meet in his complaint the defenses which the defendant may deem available to him. In the case at bar, the complaint states a clear and complete cause of action for the liquidation of the partnership Monagas & Vidal. The plaintiff was under no obligation to allege either the existence of a prior liquidation, void and nonexistent, or the defense of *res judicata* which the

defendants might deem available to them. The defendants, moreover, had an ample opportunity to establish the existence of a prior liquidation and their defenses of *res judicata,* and they failed to substantiate any of those defenses.

[13] The heirs of Rosario de la Rosa, who are the children and grandchildren of Juan Monagas, complain that they are not necessary parties to this case, that is, that the complaint does not state a cause of action as to them. These heirs are owners of a one-half portion of the interest held by Juan Monagas in the partnership Monagas & Vidal, which portion they inherited from the deceased wife of Juan Monagas, Rosario de la Rosa, who acquired it as a part of her share in the conjugal partnership which existed between her and Monagas. Her heirs are, therefore, necessary parties to this action.

The appellants contend that there is lack of necessary parties plaintiff and defendant. They urge that the first wife of Ramiro Vidal, who divorced him, is a necessary party. This is not so. Vidal remarried, and it was his widow, Juana Garrastazu, defendant herein, who acquired the widow's usufructuary share, his first wife acquiring nothing on that account. *Julia Pirela widow of Figueroa* v. *Registrar,* 65 P.R.R. 900. As to the share of the first wife in the conjugal partnership constituted by her and Ramiro Vidal, the appellants proved that she executed a deed waiving her right to such share. The first wife, therefore, has no interest in this case. The same may be said of the heirs of Beauchamps, who, the appellants urge, should have been joined as parties defendant. The heirs of Beauchamps have no interest in the liquidation of the partnership Monagas & Vidal. It is true that the defendants attempted to establish the defense that Beauchamps acquired and sold to Monagas, Vidal's interest in the Belvedere Estate. But the heirs of Beauchamps have no interest in the success or failure of such a defense, since

in this action nothing is decided regarding them or their properties, and the judgment rendered does not affect them in any way. Nor does the holding in this case in regard to the nullity and ineffectiveness of the execution of the judgment levied by Beauchamps affect his heirs. If Monagas should have any claim against the heirs of Beauchamps because of the nullity and inefficacy of that execution, that claim must be enforced in an action against the heirs who would have an ample opportunity to set up the validity of the execution (as well as any other defense they might have), since what has been decided here is not *res judicata* as to them.

The appellants charge the plaintiff with laches. The defense of laches is equitable and does not apply to an action like this, for liquidation of a partnership, wherein the term of prescription is regulated by law. *Serrano* v. *Talavera*, 65 P.R.R. 411. Moreover, the facts above set out show that there has been no laches, that the defendant has acted with all diligence. He delayed action only during the time of his disability as an infant.

The appellants argue that the complaint and the evidence are insufficient, since they do not show that the plaintiff has accepted the estate of Ramiro Vidal. The contention is frivolous. It does not appear that Vidal left any property except his interest in the partnership Monagas & Vidal. Ever since the plaintiff attained his majority, he has been claiming his father's inheritance. First, in case No. 783, he erroneously claimed a share in the Belvedere Estate as belonging to him by inheritance. Now, by the present action, he claims what he actually inherited. Rarely is there a clearer and more formal acceptance of an estate than that made by the plaintiff.

We finally reach that part of the judgment which adjudges the defendants to pay $5,000 as attorney's fees. The heirs of José Arturo Monagas have appealed from this pronouncement of the judgment only. These defendants did

not seriously oppose the complaint. They were not obstinate. The appellee, in oral argument, stated that it was agreeable to him if the judgment were modified in the sense of relieving the heirs of José Arturo Monagas from the payment of attorney's fees, and this should be done.

As to the appellant partnership Monagas & Vidal, it should also be relieved from the payment of attorney's fees, since the truly obstinate parties in this case have been Juan Monagas and the heirs of Rosario de la Rosa y Sierra. As to these, the court did not err either in adjudging them to pay attorney's fees, or in fixing the amount thereof at $5,000, which is a moderate sum considering the circumstances of the case.

The judgment appealed from should be modified in the single respect of excluding partnership Monagas & Vidal and the heirs of Arturo Monagas from the payment of attorney's fees, and as thus modified the judgment should be affirmed.

